JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-04970-KK-DTBx** | Date: | October 13, 2026 |
|---|---|---|---|
| Title: | ***Ashleigh Vansickle v. Cracker Barrel Old Country Store, Inc. et al.*** | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: (In Chambers) Order GRANTING Plaintiff's Motion to Remand [Dkt. 16]**

## I.
## INTRODUCTION

On June 10, 2026, plaintiff Ashleigh Vansickle ("Plaintiff") filed a Complaint in San Bernardino County Superior Court against defendants Cracker Barrel Old Country Store, Inc. ("Cracker Barrel"), Ellis Garrett ("Garrett"), Gabrian Bartholomew ("Bartholomew"), and Does 1 through 50 (collectively, "Defendants"), alleging state law claims arising from Plaintiff's employment at defendant Cracker Barrel's restaurant located in Victorville, California under the supervision of defendants Garrett and Bartholomew. ECF Docket No. ("Dkt.") 3, Declaration of Lance Schimke ("Schimke Decl.") ¶ 2, Ex. 1, Complaint ("Compl."). On August 28, 2026, defendant Cracker Barrel removed the action to this Court. Dkt. 1, Notice of Removal ("NOR").

On September 28, 2026, Plaintiff filed the instant Motion to Remand ("Motion"), arguing the Court lacks subject matter jurisdiction because defendant Garrett and Plaintiff are both California residents, and thus, complete diversity does not exist. Dkt. 16, Motion ("Mot.") at 5-6.

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. For the reasons stated below, the Court **GRANTS** Plaintiff's Motion to Remand.

/ / /

## II.
## RELEVANT BACKGROUND

Plaintiff is a citizen of California and a former employee of defendant Cracker Barrel. Compl. ¶¶ 1, 17; Mot. at 3. Defendant Cracker Barrel is a corporation incorporated in Nevada with a principal place of business in Tennessee. NOR ¶ 15. Defendant Garrett is also a citizen of California and was the General Manager of the Cracker Barrel location where Plaintiff worked. Compl. ¶ 4. Defendant Bartholemew is a citizen of Nevada and was the Associate Manager at the same location. Id. ¶ 5.

On June 10, 2026, Plaintiff filed a Complaint in San Bernardino County Superior Court, raising the following causes of action:

1. **Cause of Action One:** Sexual Harassment (Hostile Work Environment) in violation of the California Fair Employment and Housing Act, California Government Code section 12900 et seq. ("FEHA"), against all Defendants;
2. **Cause of Action Two:** Sexual Harassment (Quid Pro Quo) in violation of FEHA, against all Defendants;
3. **Cause of Action Three:** Sex/Gender Discrimination in violation of FEHA;
4. **Cause of Action Four:** Retaliation in violation of FEHA, against defendant Cracker Barrel and Does 1-50;
5. **Cause of Action Five:** Failure to prevent discrimination, harassment, and retaliation in violation of FEHA, against defendant Cracker Barrel and Does 1-50;
6. **Cause of Action Six:** Wrongful Termination in Violation of Public Policy, against defendant Cracker Barrel and Does 1-50;
7. **Cause of Action Seven:** Failure to pay all wages earned in violation of sections 204 and 1194 of the California Labor Code, against defendant Cracker Barrel and Does 1-50;
8. **Cause of Action Eight:** Failure to overtime compensation in violation of sections 510 and 21194 of the California Labor Code, against defendant Cracker Barrel and Does 1-50;
9. **Cause of Action Nine:** Failure to provide compliant meal breaks in violation of sections 226.7 and 512 of the California Labor Code, against defendant Cracker Barrel and Does 1-50;
10. **Cause of Action Ten:** Failure to authorize and permit rest periods in violation of section 226.7 of the California Labor Code, against defendant Cracker Barrel and Does 1-50;
11. **Cause of Action Eleven:** Violation of sections 201, 202, and 203 of the California Labor Code, against defendant Cracker Barrel and Does 1-50; and
12. **Cause of Action Twelve:** Violation of section 17200 of the California Business and Professions Code, against defendant Cracker Barrel and Does 1-50.

Compl. ¶¶ 32-137.

On August 27, 2026, defendant Cracker Barrel filed an Answer, denying all allegations and raising 68 affirmative defenses. Schimke Decl. ¶ 4, Ex. 2, Answer. On August 28, 2026, before defendants Garrett or Bartholomew had been served, defendant Cracker Barrel filed a Notice of Removal pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332(a). NOR. In the Notice of Removal, defendant Cracker Barrel claims the action was "properly removed pursuant to the snap removal doctrine because the in-state defendants alleged by Plaintiff, [defendant] Garrett and [defendant] Bartholomew, have not been properly joined and served as defendants in this action[.]" Id. ¶ 18.

On September 4, 2026, Plaintiff completed service of process on defendant Garrett. Dkt. 16-3, Ex. 2. On September 23, 2026, Plaintiff voluntarily dismissed defendant Bartholomew from the action. Dkt. 15.

On September 28, 2026, Plaintiff filed the instant Motion, arguing removal is improper because Plaintiff and defendant Garrett's shared California citizenship defeats complete diversity. Mot. at 3. On October 8, 2026, defendant Cracker Barrel filed an Opposition to Plaintiff's Motion. Dkt. 22, Opposition ("Opp."). On the same day, defendant Garrett filed an Answer. Dkt. 24, Answer.

This matter, thus, stands submitted.

## III. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction. When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties, and (2) an amount in controversy over $75,000. 28 U.S.C. § 1332; see Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction"). Complete diversity requires "each plaintiff must be of a different citizenship from each defendant." Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 548 (9th Cir. 2018) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)).

Ultimately, there is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980 F.2d at 566.

## IV. DISCUSSION

Here, Plaintiff is a citizen of California, and no party contests defendant Garrett is a citizen of California. See Mot. at 6; Opp. at 2, 9 ("[Defendant] Cracker Barrel does not dispute that counsel knew Garrett resides in California."). Thus, defendant Garrett's presence in the action destroys complete diversity. See Grancare, 889 F.3d at 548.

Nonetheless, defendant Cracker Barrel argues removal is proper under the so-called "snap removal" doctrine, which some courts recognize as an exception to the forum-defendant rule.[1] See Opp. at 4-5 (collecting cases). However, "snap removal does not alter the requirement that all defendants, both served and unserved, must be completely diverse from all plaintiffs." Reyes-Arcon v. CookUnity, Inc., No. CV 26-08437-SB-MBKx, 2026 WL 2323793, at *1 (C.D. Cal. Aug. 11, 2026). It is well-established "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." Clarence E. Morris, Inc. v. Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969). Here, it is undisputed Plaintiff and defendant Garrett are both California citizens. Thus, complete diversity does not exist and removal jurisdiction is improper. See id. ("A nonresident defendant cannot remove a 'nonseparable' action if the citizenship of any codefendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or nonservice upon the codefendant." (citation omitted)).

Accordingly, because "the propriety of snap removal is irrelevant to whether diversity is complete," Reyes-Arcon, 2026 WL 2323793, at *2, and it is undisputed that Plaintiff and defendant Garrett are both California citizens, defendant Cracker Barrel fails to carry its burden to establish removal is proper, Luther, 533 F.3d at 1034. Thus, Plaintiff's Motion is **GRANTED**. However, because the snap removal doctrine is an unsettled question of law, the Court declines to grant attorney's fees under 28 U.S.C. § 1447(c). See Martin v. Franklin Cap. Corp., 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

## V.
## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **GRANTED** and this action shall be **REMANDED** to the San Bernardino County Superior Court. Additionally, the Court's October 7, 2026 Order to Show Cause, Dkt. 21, is hereby **DISCHARGED** as moot.

**IT IS SO ORDERED. (JS-6)**

[1] "Snap removal" is the practice of removing a case from state to federal court before any in-forum defendant is served, to circumvent the rule preventing removal where "any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." See Simental v. Hanover Ins. Co., No. SACV 25-01629-DOC-KESx, 2025 WL 2675956, at *2 (C.D. Cal. Sep. 17, 2025) (quoting 28 U.S.C. § 1441(b)(2)).